**IT IS ORDERED as set forth below:**



**Date: February 23, 2021**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 19-69790-WLH |
| MARSHALL WILLIS STUKES, III, | CHAPTER 7 |
| Debtor, | |
| JOANNE TAYLOR, | ADVERSARY PROCEEDING |
| Plaintiff, | NO. 20-6056-WLH |
| v. | |
| MARSHALL WILLIS STUKES, III, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S REQUEST
FOR LEAVE TO FILE MOTION TO DISMISS**

1

**THIS MATTER** is before the Court on Defendant's Request for Leave to File Motion to Dismiss Plaintiff's Complaint (Doc. No. 20) (the "Motion"). Defendant seeks leave to file a motion to dismiss the complaint for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). Plaintiff responded in opposition to the Motion on January 15, 2021 (Doc. No. 24), arguing Defendant waived his Rule 9(b) arguments by failing to raise them earlier in the proceedings.

Federal Rule of Bankruptcy Procedure 7009 and Federal Rules of Civil Procedure Rule 9(b) require a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." In re Eden, 584 B.R. 795, 803 (Bankr. N.D. Ga. 2018) (quoting Fed. R. Civ. P. 9(b) and Fed. R. Bankr. P. 7009). The Eleventh Circuit has explained the requirements to satisfy Rule 9(b):

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

FIA Card Servs, N.A. v. Morrow (In re Morrow), 488 B.R. 471, 476 (Bankr. N.D. Ga. 2012) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted)): see also Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1069 (8th Cir. 1995) (explaining fraud allegations must specify such matters as the time, place, speaker, and content of the misrepresentation).

The requirement that fraud be stated with particularity primarily is to allow the defendant to prepare an adequate responsive pleading, Davsko v. Golden Harvest Prods., 965 F. Supp. 1467, 1474 (D. Kan. 1997), and a Rule 9(B) objection is waived if not raised in the first responsive pleading or in an early motion. U.S. ex rel. Purcell v. MWI Corp., 824 F. Supp. 2d 12, 25 (D.D.C.

2011); see also In re Docteroff, 133 F.3d 210, 217 (3d Cir. 1997) (deeming Rule 9(b) challenge waived because the party did not raise the issue in a motion to dismiss or in his answer); Jana, Inc. v. U.S., 41 Fed. Cl. 735 (Fed. Cl. 1998) (deeming Rule 9(b) objection waived because not timely raised); 2 Moore's Federal Practice - Civil § 9.03 (2020).

Here, Plaintiff filed the complaint on March 23, 2020. Defendant answered the complaint on April 22, 2020 without raising any objection under Rule 9(b). The parties conducted discovery and filed a joint Rule 26(f) report, and a scheduling order was entered October 20, 2020. Defendant then filed the Motion on December 7, 2020. Defendant cannot argue more than seven months after answering the complaint that Plaintiff failed to plead fraud with particularity. Defendant's failure to raise a Rule 9(b) objection earlier constitutes a waiver of his argument now. Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

### END OF DOCUMENT

**Distribution List**

J. Elizabeth Graddy
Graddy Law LLC
Suite 750
3355 Lenox Road
Atlanta, GA 30326

Joanne Taylor
c/o The Evins Law Firm
1198 Buckhead Crossing
Suite B
Woodstock, GA 30189

Marshall Willis Stukes,, III
370 Dix Lee On Dr
Fayetteville, GA 30214-3000

Milton D. Jones, Esq.
P.O. Box 533
Lovejoy, Georgia 30250